# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

  v.                                                                **Case No. 00-CR-247**

**MARIO RIVERA,**
        **Defendant.**

## ORDER

      I sentenced defendant Mario Rivera to 241 months in prison (later reduced 156 months on the government's Rule 35(b) motion) on armed robbery charges. I further ordered him to pay restitution in the amount of $52,593.38, participate in the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP") while incarcerated, and make payments of not less than $100 per month upon release to supervision.

      Defendant filed a letter requesting that his financial obligations be postponed until his release from prison. The government opposed forbearance, arguing that some payment, even nominal, was necessary to vindicate the interests of the victims. In reply, defendant indicated that if the court was not willing to defer restitution until release, it should reduce the required monthly IFRP payment. Noting that 18 U.S.C. § 3572(d)(3) permits the court to adjust the payment schedule upon being provided notice of any material change in the defendant's economic circumstances that might affect his ability to pay, I allowed defendant to submit further information on his financial situation. Defendant obtained volunteer counsel, who has submitted information in support of the request to lower the payment.

      The Seventh Circuit recently clarified the law in this area, holding that the sentencing

judge is not authorized to override the BOP's exercise of discretion in setting payments under the IFRP. <u>United States v. Sawyer</u>, 521 F.3d 792, 794 (7th Cir. 2008). The court explained that:

> Prison earnings and other transactions concerning prison trust accounts are so completely within the Bureau of Prisons' control that it would be pointless for a judge to tell the convict how much to pay a month.
> . . .
> Thus we hold that leaving payment during imprisonment to the Inmate Financial Responsibility Program is not an error at all, let alone a plain error. The statute requires the judge to set a schedule if the defendant cannot pay in full at once, <u>see</u> 18 U.S.C. § 3664(f)(2), but it does not say when the schedule must begin. We hold today that it need not, and as a rule should not, begin until after the defendant's release from prison. Payments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices.

<u>Id.</u> at 795-96.

Defendant asks me to lower his monthly IFRP payment in light of his other expenses, but <u>Sawyer</u> counsels against such interference. The BOP is the best position to determine defendant's ability to pay. If he is dissatisfied with the Bureau's decisions, he may appeal internally, <u>see</u> 28 C.F.R. § 545.11(d), or seek judicial review of the Bureau's final decision under the Administrative Procedure Act, <u>see</u> 5 U.S.C. § 702. <u>Sawyer</u>, 521 F.3d at 794-95.

**THEREFORE, IT IS ORDERED** that defendant's request is **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge